IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KERRY JOHNSON,
    Plaintiff,

vs.                                       Case No.: 3:13cv326/LAC/EMT

CRESTVIEW COUNTY JAIL, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

        This cause is before the court upon referral from the clerk. Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). By order of this court dated May 24, 2013, Plaintiff was given thirty (30) days in which to pay the filing fee or file a complete application to proceed in forma pauperis (*see* doc. 4). This order was returned as undeliverable (doc. 5). The envelope is stamped "Return to Sender, Not In Jail" (doc. 5), and there is a docket notation indicating "Okaloosa County Jail states inmate released 5/23/13 with no forwarding address given") (*id*.). The court has confirmed that Plaintiff's release address is not indicated on his initial complaint, and there is no indication of his current whereabouts anywhere in the record.

        Accordingly, it is respectfully **RECOMMENDED**:

        That this case be **DISMISSED without prejudice** for Plaintiff's failure to keep the court apprised of his current address and failure to prosecute this action.

        At Pensacola, Florida, this 2nd day of July 2013.


                                      /s/ *Elizabeth M. Timothy*
                                      **ELIZABETH M. TIMOTHY**
                                      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**